UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONALD JONES,

    Plaintiff,

v().                                                 Case No: 2:17-cv-427-FtM-29CM

LEE COUNTY DEPARTMENT OF
HUMAN AND VETERAN
SERVICES,

    Defendant.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the file and Plaintiff's Second Amended Complaint filed on August 14, 2018. Doc. 22. For the reasons stated below, the Court respectfully recommends the case be dismissed without prejudice.

### I.   Background

On July 16, 2018, United States District Judge John E. Steele dismissed Plaintiff's Amended Complaint without prejudice,[2] finding that Plaintiff did not state

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

[2] The Court previously denied Plaintiff's Motion to Proceed *In Forma Pauperis* without prejudice on February 2, 2018 and directed Plaintiff to file an amended complaint, but found Plaintiff met the poverty requirement to proceed *in forma pauperis*. *See* Doc. 12.

a claim or establish subject matter jurisdiction and failed to comply with Rule 8 of the Federal Rules of Civil Procedure by not providing a short and plain statement of why he is entitled to relief.  Doc. 18 at 4-5; *see* Doc. 14.  Judge Steele gave Plaintiff one final opportunity to file a second amended complaint.  Doc. 18 at 5.  On August 14, 2018, Plaintiff filed a Second Amended Complaint, attaching a charge of discrimination form filed with the Florida Commission on Human Relations and the Equal Employment Opportunity Commission ("EEOC"), the EEOC dismissal and notice of rights ("Right to Sue letter"),[3] and two additional pages of supporting facts.[4]  *See* Docs. 22, 22-1.

The Second Amended Complaint alleges that Defendant Lee County Department of Human and Veteran Services discriminated against Plaintiff because of his race (African-American) and age[5] and violated his constitutional rights by hiring contractors to depreciate his home.  Doc. 22; Doc. 22-1 at 4.  Plaintiff alleges in September 2016 he filed an application for assistance with Defendant after a tree fell on an electric wire and damaged his roof.  Doc. 22; Doc. 22-1 at 3.  In response to his application, Defendant's employees were rude and offensive and, instead of providing the requested assistance, hired contractors to damage his home.  Doc. 22-1 at 3.  In one instance, Plaintiff alleges he reported one of Defendant's employees

---

[3] The Right to Sue letter notified Plaintiff of his right to file a lawsuit in state or federal court based on his allegations of discrimination within 90 days of July 3, 2017.  Doc. 22-1 at 2.  Plaintiff filed this case within 90 days, on July 27, 2017.  *See* Doc. 1.

[4] The Court construes these additional facts as incorporated in the allegations in the Second Amended Complaint.  *See* Doc. 22-1 at 3-4.

[5] Plaintiff was 73 years old as of May 30, 2017, the date he filed the EEOC charge.  Doc. 22-1 at 1.

to her supervisor after she was rude and offensive and said she "wanted [him] to go somewhere else to another program[.]"[6]  *Id.*  Plaintiff notes that employee is Hispanic, and Plaintiff is African-American.  *Id.*  Another employee allegedly accused Plaintiff of using racial slurs against her and her staff.  *Id.*

Thereafter, Defendant allegedly sent the contractors to Plaintiff's home and the contractors, "under orders from" Defendant's employees, depreciated Plaintiff's home by damaging the ceilings, "trimming" and other parts of the home.  Doc. 22; Doc. 22-1 at 4.  Plaintiff claims he had multiple other negative interactions with Defendant's employees and the contractors from approximately September–October 2016.  Doc. 22-1 at 3-4.  Plaintiff alleges Defendant violated his constitutional rights and discriminated against him because of his age and race by denying him assistance and sending contractors to his home.  Doc. 22; Doc. 22-1 at 4.

## II.  Sufficiency of the Complaint

The Court previously found Plaintiff demonstrated sufficient economic eligibility to proceed *in forma pauperis*.  Doc. 12 at 2.  Even if an application for leave to proceed *in forma pauperis* demonstrates sufficient economic eligibility on its face, however, the Court must proceed to determine the sufficiency of Plaintiff's claims.  Under Section 1915 of Title 28 of the United States Code, the Court shall dismiss an action if it is deemed frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune

---

[6] Plaintiff was allegedly involved in an unspecified "program" administered by Defendant and Defendant "prolong[ed]" his application for the program to make him quit. Doc. 22.

from such relief.  28 U.S.C. § 1915(e)(2).  "Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure."  *Evans v. Georgia Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017), *cert. denied*, 138 S. Ct. 557 (2017) (citation omitted).  Pro se pleadings, however, "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Id.* (quoting *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998)).

### a. *Form of the Complaint*

Rule 8 requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(1).  Claims or defenses should be presented "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  "'Shotgun' pleadings are cumbersome, confusing complaints that do not comply with these pleading requirements."  *See Yeyille v. Miami Dade Co. Pub. Sch.*, 643 F. App'x 882, 884 (11th Cir. 2016).  The Eleventh Circuit has identified four types of shotgun pleadings: (1) pleadings where each count adopts the allegations of all preceding counts; (2) pleadings that contain "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) pleadings that do not separate each cause of action or claim for relief into a different count; and (4) pleadings that assert multiple claims against multiple defendants without specifying which claim applies to which defendant.  *Id.*

Here, Plaintiff attached the EEOC charge to the Second Amended Complaint as an exhibit but does not reference it in the body of the complaint. *See* Docs. 22, 22-1. The numbered paragraphs in the Second Amended Complaint also do not each relate to a single set of circumstances, and Plaintiff does not provide a short and plain statement of why he is entitled to relief. *See* Fed. R. Civ. P. 8, 10(b). Finally, the two pages of additional facts attached to the Second Amended Complaint are essentially organized as a single paragraph two pages in length. *See* Doc. 22-1 at 3-4. Accordingly, the Court recommends the Second Amended complaint is a prohibited "shotgun pleading" that fails to adhere to the Federal Rules of Civil Procedure. *See Yeyille*, 643 F. App'x at 884.

      b.    *Plaintiff's claims in the Second Amended Complaint*

The Court recommends that Plaintiff does not state any plausible claim in the Second Amended Complaint. Plaintiff's claims are not entirely clear, but he alleges in the Second Amended Complaint that Defendant discriminated against him because of his age and race and violated unspecified constitutional rights. Doc. 22; Doc. 22-1 at 4. The Civil Cover Sheet indicates as the causes of action the Americans with Disabilities Act ("ADA"), other labor litigation, and the Civil Rights Act of 1964. Doc. 1-1. The EEOC charge, attached as an exhibit, lists the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964 ("Title VII"). Doc. 22 at 1.

i.   ADA, ADEA, and Title VII

To state a claim under Title II of the ADA,[7] a plaintiff must show (1) he is a qualified individual *with a disability*; (2) he was excluded from participation in or denied benefits of a public entity's services, programs, or activities, or was otherwise discriminated against; and (3) the discrimination was by reason of the plaintiff's disability. *Bircoll v. Miami-Dade County*, 480 F.3d 1072, 1083 (11th Cir. 2007) (citations omitted). To state a claim for discrimination under either the ADEA or Title VII, a plaintiff must allege, at minimum, that the defendant employed the plaintiff. *See Castillo v. Allegro Resort Marketing*, 603 F. App'x 913, 916-17 (11th Cir. 2015) (citing 29 U.S.C. § 623(a)(1); 42 U.S.C. § 2000e-2(a)(1)). Here, neither Plaintiff's Second Amended Complaint nor the EEOC charge attached to it contain any allegation that Plaintiff suffers from a disability or that Defendant ever employed Plaintiff. Thus, the Court recommends Plaintiff does not state a claim under the ADA, ADEA, or Title VII.

ii.   Title VI of the Civil Rights Act of 1964 ("Title VI")

Construing Plaintiff's Second Amended Complaint liberally, it appears Plaintiff may be attempting to assert a claim under Title VI, instead of Title VII. To state a claim under Title VI, a plaintiff must allege that he was "on the ground of race, color, or national origin, excluded from participation in, denied the benefits of, or subject to discrimination under any program or activity receiving Federal financial

---

[7] Plaintiff's EEOC charge alleges Defendant discriminated against him by denying him benefits; thus, viewing the allegations in a light most favorable to Plaintiff he appears to be asserting a violation of Title II of the ADA. *See* Doc. 22-1 at 1; 42 U.S.C. § 12132.

assistance." 42 U.S.C. § 2000d. "[T]he reach of Title VI's protection extends no further than the Fourteenth Amendment." *Carr v. Bd. of Regents of Univ. Sys. of Georgia*, 249 F. App'x 146, 148 (11th Cir. 2007) (quoting *U.S. v. Fordice*, 505 U.S. 717, 732 n.7 (1992)). A plaintiff must establish discriminatory intent to state a claim under Title VI. *Burton v. City of Bell Glade*, 178 F.3d 1175, 1202 (11th Cir. 1999) (citations omitted).

Here, the Court recommends Plaintiff fails to state a claim under Title VI. Plaintiff alleges one of Defendant's employees is Hispanic and Plaintiff is African-American, and that the employee was rude and offensive and "wanted [him] to go somewhere else to another program[,]" and that another employee accused Plaintiff of using racial slurs against her and her staff. Doc 22-1 at 3. Plaintiff ultimately alleges that Defendant discriminated against him based on race by hiring contractors to depreciate his home. *See* Doc. 22; Doc. 22-1 at 4. Plaintiff's allegations, however, fail to establish discriminatory intent as, aside from the conclusory statement that Defendant discriminated against him based on his race, he does not allege facts to show that Defendant's employees intentionally denied him benefits and sent contractors to damage his home because he is African-American. *See id.* Finally, Plaintiff does not allege that Defendant or any of Defendant's programs or activities, including the unspecified program Plaintiff participated in, received federal funding. Without this necessary allegation, there is no federal cause of action for the discrimination Plaintiff allegedly experienced. *See* 42 U.S.C. § 2000d.

     iii. Violations of Plaintiff's constitutional rights

Plaintiff's Second Amended Complaint alleges that Defendant also violated his constitutional rights by hiring contractors to depreciate his home. Doc. 22; Doc. 22-1 at 4. Plaintiff does not allege any constitutional provision Defendant violated, however, and the conclusory and vague facts alleged do not obviously allege any particular constitutional violation. Thus, the Court recommends Plaintiff does not sufficiently allege any constitutional violation because he failed to provide "enough facts to state a claim to relief that is plausible on its face" in violation of Rule 8. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

  c. *Subject matter jurisdiction*

Plaintiff's Civil Cover Sheet indicates the Court has subject matter jurisdiction over his claims by listing federal question as the basis of jurisdiction. Doc. 1-1. Plaintiff also lists the Americans with Disabilities Act, other labor litigation and the Civil Rights Act of 1964 as the applicable federal causes of action. *Id.* The Second Amended Complaint itself alleges constitutional violations and discrimination on the basis of age and race. Doc. 22.

"[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)). "[T]he district court must look to the way the complaint is drawn to see if it is drawn so as to claim a right to recover under the Constitution and laws of the United States." *Bell v. Hood*, 327 U.S. 678, 681 (1946). Plaintiff, as the party invoking the Court's jurisdiction, "bears the

burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Claims not subject to federal jurisdiction are dismissed. *See Ex parte McCardle*, 74 U.S. 506, 514 (1868) (declaring that "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause").

The United States Supreme Court has stated that "where the complaint . . . is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions . . . must entertain the suit." *Bell*, 327 U.S. at 681-82. Those exceptions are that a lawsuit "may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Id.* at 682-83. These two exceptions apply when "the claim has no plausible foundation or if the court concludes that a prior Supreme Court decision clearly forecloses the claim." *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1353 (11th Cir. 1998).

Here, the Court recommends Plaintiff's claims in the Second Amended Complaint fail to sufficiently allege subject matter jurisdiction because the claims are implausible and frivolous. As noted, the Second Amended Complaint appears to allege claims under the ADA, ADEA, the Civil Rights Act of 1964, and unspecified

provisions of the U.S. Constitution. *See* Docs. 22, 22-1. Plaintiff fails to allege basic and necessary elements of or a factual basis for each asserted claim, however, and does not specify the constitutional provisions he claims were violated. If the Second Amended Complaint lacks a plausible foundation for Plaintiff's claims, the Court may not have subject matter jurisdiction to entertain the claims. *See Blue Cross & Blue Shield of Ala.*, 138 F.3d at 1353. Thus, the Court recommends Plaintiff failed to sufficiently demonstrate the Court's subject matter jurisdiction.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

This action be **DISMISSED without prejudice.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 23rd day of October, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Plaintiff