UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONALD JONES,

    Plaintiff,

v.                      Case No: 2:17-cv-427-FtM-29CM

LEE COUNTY DEPARTMENT OF
HUMAN AND VETERAN SERVICES,

    Defendant.

## OPINION AND ORDER

This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #31), filed October 23, 2018, recommending that the case be dismissed without prejudice. On November 6, 2018, plaintiff filed an untitled document indicating that a previously filed motion was his response to the Report and Recommendation. (Doc. #34.) Plaintiff's Motion Answering the Report and Recommendation (Doc. #32) will be construed as an objection and addressed accordingly.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §

636(b)(1).  See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party."  Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)).  The district judge reviews legal conclusions *de novo*, even in the absence of an objection.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

The Magistrate Judge reviewed the Second Amended Complaint (Doc. #22) pursuant to 28 U.S.C. § 1915(e)(2).  The Magistrate Judge found that the Second Amended Complaint was a shotgun pleading, and failed to state a plausible claim for relief.  More specifically, to the extent plaintiff's claim was based on a disability, under the ADA, ADEA, or Title VII, plaintiff failed to allege a qualifying disability, or that he was employed by defendant.  Therefore, no disability discrimination claim is stated.  To the extent that plaintiff's claim is under Title VI, the Magistrate Judge found a lack of discriminatory intent alleged, and no allegation that defendant or any of defendant's programs received federal funding.  The Magistrate Judge found that plaintiff failed to allege any particular constitutional violation that complied with Fed. R. Civ. P. 8, and therefore failed to state a constitutional claim.  Lastly, the Magistrate Judge suggests

that plaintiff fails to allege subject matter jurisdiction under Bell and its progeny. See Bell v. Hood, 327 U.S. 678, 682–83 (1946) ("The previously carved out exceptions are that a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.").

Plaintiff calls the finding that plaintiff did not work for defendant a criticism in light of the finding that the case was timely filed after issuance of the Right to Sue Letter. Plaintiff argues that the case was delayed only to conclude that he filed a shotgun pleading, which harmed plaintiff. Plaintiff argues that the Magistrate Judge "fabricated" claims by considering his claim under various federal statutes. (Doc. #32.) Plaintiff objects that he should be granted a hearing so that he can introduce more evidence.

After a careful and complete review of the findings and recommendations, as well as the record in this case, the Court accepts the Report and Recommendation of the magistrate judge to dismiss the Second Amended Complaint for failure to state a claim as currently pled. Plaintiff did not identify any specific Constitutional provisions or federal statutes as the basis for his claim. The Magistrate Judge properly considered all possible

bases for plaintiff's claim in light of his *pro se* status, and as stated in the attached Charge of Discrimination, and still found the pleading to be lacking. Having determined that the case may be dismissed on this basis alone, the Court need not reach the issue of whether plaintiff sufficiently alleged subject matter jurisdiction. The Court finds that plaintiff is not entitled to a hearing, or discovery before a Federal Rule of Civil Procedure 26(f) meeting. The Court overrules the objections.

The Court will dismiss the Second Amended Complaint without prejudice, but not the entire case. Plaintiff will be granted <u>one</u> last chance to present a viable pleading to the Court consistent with the directives in the July 16, 2018 Opinion and Order (Doc. #18). Specifically,

> The Amended Complaint loosely references "discrimination" and the Constitution, but fails to state a claim under any specific law or constitutional provision to support a private cause of action. The Civil Cover Sheet checked off "federal question" for the jurisdictional basis, and marked Americans with Disabilities Act and "Other labor Litigation" as bases for his cause of action for "discrimination" under the Civil Rights Act of 1964, but plaintiff does not indicate that he has a disability that was the basis of discrimination.

(Doc. #18, pp. 4-5.) The Magistrate Judge raised these same concerns in the Report and Recommendation regarding the Second Amended Complaint also fails to address the previously raised concerns. Plaintiff is encouraged to incorporate additional facts

as to defendant's role, what actions took place, and how they violated a constitutional or federal statutory right. Plaintiff should also provide more information about what damages he is seeking. The Second Amended Complaint must be supported with an adequate basis for subject matter jurisdiction for the case to proceed.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. #31) is hereby **ACCEPTED and ADOPTED** as to the dismissal of the Second Amended Complaint.

2. The Second Amended Complaint is **dismissed without prejudice** to filing a Third Amended Complaint within **THIRTY (30) DAYS** of this Opinion and Order. **The failure to file a Third Amended Complaint will result in the closure of the case without further notice.**

**DONE and ORDERED** at Fort Myers, Florida, this __14th__ day of November, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
All Parties of Record