UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONALD JONES,

    Plaintiff,

v.                          Case No: 2:17-cv-427-FtM-29CM

LEE COUNTY DEPARTMENT OF
HUMAN AND VETERAN SERVICES,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of plaintiff's Third Amended Complaint (Doc. #36) filed on December 11, 2018, pursuant to the Court's Opinion and Order (Doc. #35) dismissing the Second Amended Complaint without prejudice for failure to state a claim as currently pled and leave to amend one last time:

> Plaintiff will be granted <u>one</u> last chance to present a viable pleading to the Court consistent with the directives in the July 16, 2018 Opinion and Order (Doc. #18). Specifically,
>
> The Amended Complaint loosely references "discrimination" and the Constitution, but fails to state a claim under any specific law or constitutional provision to support a private cause of action. The Civil Cover Sheet checked off "federal question" for the jurisdictional basis, and marked Americans with Disabilities Act and "Other labor Litigation" as bases for his cause of action for "discrimination" under the Civil Rights Act of 1964, but plaintiff does not indicate

> that he has a disability that was the basis of discrimination.
>
> (Doc. #18, pp. 4-5.) The Magistrate Judge raised these same concerns in the Report and Recommendation regarding the Second Amended Complaint also fails to address the previously raised concerns. Plaintiff is encouraged to incorporate additional facts as to defendant's role, what actions took place, and how they violated a constitutional or federal statutory right.

(Doc. #35, pp. 4-5.) The Third Amended Complaint consists of two paragraphs and a conclusion. The first paragraph provides that plaintiff filed an application for assistance wit the Lee County Department of Human Services, but they were rude and offensive and told plaintiff that he must go elsewhere. As a result, plaintiff states that he lived without hot water and electricity for over 70 days. In the second paragraph, plaintiff states that Lee County hired contractors who damaged his ceiling and trimming, and short circuited his refrigerator causing his home to depreciate. In conclusion, plaintiff believes that these malicious acts were in violation of his constitution rights, constituted age discrimination (he is 75 years old), and discrimination against him based on his race as an African-American. Plaintiff seeks a monetary award of $1.5 million as just and fair. (Doc. #36.) Attached is a Dismissal and Notice of Rights (Doc. #36-1, p. 1) indicating dismissal because the facts failed to state a claim

under statutes enforced by the Equal Employment Opportunity Commission, and because there was no employee/employer relationship. Also attached is a Charge of Discrimination (Doc. #36-1, p. 2) alleging that he was not given sufficient reason for the denial of benefits from Lee County Human Services. Lastly, plaintiff attached a copy of his original Complaint (Doc. #36-1, pp. 3-4) setting forth the background facts about what took place at his home, including being told "hey dude move your bed", and that he had signed a contract that he would move the furniture, which plaintiff calls a hate crime because he is elderly.

The Court is required to dismiss a case at any time if it determines that:

> **(B)** the action or appeal--
>
> **(i)** is frivolous or malicious;
>
> **(ii)** fails to state a claim on which relief may be granted; or
>
> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). "[A]n action is frivolous if it is without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). "A district court has "the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient

disposition of litigation." Strickland v. United States, 739 F. App'x 587, 588 (11th Cir. 2018) (citation omitted).

The Court has provided plaintiff three opportunities to state a claim under federal law. In this latest iteration, plaintiff makes no effort to address the issues raised by the Magistrate Judge about the(second) Amended Complaint (Doc.#22). The Third Amended Complaint is essentially the same pleading except that plaintiff attached the exhibits from his original complaint. Plaintiff seeks relief for a simple denial of benefits by a county agency,[1] and damages stemming from a botched repair by contractors possibly hired by the county after a tree fell on an electric wire. Plaintiff lives on a fixed income, and seeks in excess of a $1 million in damages. The Court finds that plaintiff continues to be unable to state a claim for relief that can be provided by the *federal* courts. The facts simply do not support a federal cause of action, and therefore the Third Amended Complaint provides no subject matter jurisdiction in this Court.

Accordingly, it is hereby

**ORDERED:**

---

[1] The allegations imply that he was actually referred to another agency as the responsible agency for the type of benefits sought.

Plaintiff's Third Amended Complaint (Doc. #36) is **dismissed without prejudice** and without leave to further amend as futile. The Clerk shall enter judgment dismissing the case without prejudice, terminate all deadlines and motions, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __21st__ day of December, 2018.

*/s/ John E. Steele*
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff